Ex parte CAMPBELL.

No. 452.

District Court, S. D. Texas, Laredo Division.

Oct. 26, 1932.

On Amended Petition Nov. 3, 1932.

Bismark Pope, of Laredo, Tex., and Kirby Fitzpatrick, of Houston, Tex., for petitioner.

H. M. Holden, U. S. Atty., and Albert Thomas, Asst. U. S. Atty., both of Houston, Tex.

Before HUTCHESON, Circuit Judge, sitting as District Judge, and KENNERLY, District Judge.

KENNERLY, District Judge.

Alleging that he is illegally confined, and restrained of his liberty, at Laredo, in this district, by the United States marshal of this District, for the purpose of being incarcerated in the United States penitentiary under a conviction of a felony, and judgment of, and sentence by, this court, to two years in such penitentiary, petitioner, Morton Campbell, prays for the issuance of the writ of habeas corpus, and for his discharge from such alleged illegal confinement and restraint. This is a hearing upon the demurrer of the United States marshal to such petition.

Petitioner seeks his discharge, notwithstanding such judgment and sentence, under the allegation that he is a citizen of the Republic of Mexico, and that while residing therein, he was forcibly seized or kidnapped and expelled or ejected from Mexico into the United States, where he was taken into custody by the United States marshal under such judgment and sentence. Originally the petition set forth that an immigration officer of the United States made an affidavit in the Republic of Mexico to the effect that petitioner was a citizen of the United States, etc., and thereby caused the immigration authorities of the Republic of Mexico to deport petitioner, but being permitted by the court to amend his petition by interlineation, he alleges that he was neither extradited nor deported, but that he was kidnapped by officers of the United States and of the Republic of Mexico, acting and conspiring together, and by force brought into the United States, and delivered to the United States marshal. While the petition does not so state, the argument at the bar discloses (in fact, it is undisputed) that when petitioner was so sentenced in this court, he was released on temporary bond, and he returned to the Republic of Mexico, where presumably he remained (his bond being forfeited) until such alleged forcible return to the United States.

Petitioner insists that, under these facts, his rights under the Constitution of the United States, and under existing treaties between the United States and the Republic of Mexico, have been violated, and that he cannot now be lawfully incarcerated in the penitentiary in accordance with such judgment and sentence, but must be enlarged and permitted to return to, and remain in, the Republic of Mexico, unless and until extradited under such treaties, etc.

1. We think that the demurrer is well taken, and should be sustained, and the petition dismissed. Ker v. Illinois, 119 U. S. 436, 438, 7 S. Ct. 225, 30 L. Ed. 421, 423 (see, also [C. C.] 18 F. 167, 169); Pettibone v. Nichols, 203 U. S. 192, 217, 27 S. Ct. 111, 51 L. Ed. 148, 159, 7 Ann. Cas. 1047; Cook v. Hart, 146 U. S. 183, 191, 13 S. Ct. 40, 36 L. Ed. 934, 938; Ex parte Charles Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103; Mahon v. Justice, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283, 287. The cases from other jurisdictions are practically all in harmony with those cited.

An order will enter, sustaining the demurrer, dismissing the petition, and remanding petitioner to the custody of the marshal.

Before KENNERLY, District Judge, on amended petition, or new petition, for writ of habeas corpus.

KENNERLY, District Judge.

I have directed to be filed by the clerk, and have examined and considered, the purported amended petition of the petitioner, Morton Campbell. No events occurring subsequent to the presentation of the former petition (to which demurrer was sustained October 26, 1932) are alleged. No facts are alleged which did not exist when the former petition was presented. The allegations are substantially identical with those in the for-

mer petition. Petitioner has his right of appeal from the order sustaining the demurrer to the former petition.

Exercising the judicial discretion I am permitted and required to exercise under such circumstances (see Salinger v. Loisel, 265 U. S. 224, 233, 44 S. Ct. 519, 68 L. Ed. 989, and cases there cited, and particularly Ex Parte Cuddy [C. C.] 40 F. 62, 64), the petition is dismissed.