THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL KURZYNSKI, Appellant, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent. — Order affirmed, without costs of this appeal to either party. Memorandum: " The action of the Parole Board in revoking relator's parole, and in ordering him returned to prison, is not subject to review in this proceeding." (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378.) Had relator not waived extradition proceedings and consented to return voluntarily, he could have been extradited as a fugitive from justice. (*People ex rel. Hutchings* v. *Mallon*, 218 App. Div. 461, 465, 468; affd., 245 N. Y. 521.) The means employed to return the relator to this State do not relate to the restraint from which he seeks to be relieved. Hence, his return to this State, even if unlawful, does not make his imprisonment illegal. (*People* v. *Dileo*, 194 App. Div. 793, 794, and cases cited; *Pettibone* v. *Nichols*, 203 U. S. 192.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

MACE J. KELLEY, Respondent, v. THE CITY OF OSWEGO, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding that the icy condition of the steps uncovered by the city's employee whereby a dangerous condition was created by the city not later than the 27th day of January, 1938, was the condition which caused the plaintiff to fall at four-thirty o'clock in the afternoon of February first, was against the weight of the evidence when there is taken into consideration the weather conditions in the meantime, including a fall of more than four inches of snow and twenty-one hours with a temperature at all times above freezing during which eight one-hundredths of an inch of rain fell. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

ROSE HURLEY, Appellant, v. CLIMENA A. WYCKOFF, Doing Business under the Assumed Name and Style of " MIRROR LAKE INN," Respondent.— Judgment and order affirmed, with costs. Memorandum: Our affirmance rests not only upon our conclusion that the verdict of the jury was not against the weight of evidence but also upon our belief that the charge was adequate in its statement to submit to the jury the question whether the evidence received, bearing upon the alleged defective condition of the stairway and the duration of that alleged condition and defendant's knowledge thereof, constituted a nuisance arising out of negligence. All concur. (The judgment is for defendant in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.