Commonwealth ex rel. Rushkowski, Appellant,
*v.* Burke.

Argued March 3, 1952. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent).

*E. C. Coslett,* with him *Joseph Rushkowski, Jr.,* in propria persona, for appellant.

*Louis G. Feldmann,* District Attorney, with him *Nathan Hyman,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 17, 1952:

Relator contends in this appeal from the order of the Court of Common Pleas of Luzerne County,[1] re-

_____
[1] This habeas corpus proceeding was before President Judge VALENTINE, who made the order of which relator complains.

manding him after hearing to the Warden of the Eastern State Penitentiary, that he is entitled to discharge from further restraint because (1) he was improperly convicted and sentenced on bill of indictment No. 564-A, February Sessions, 1932, Court of Oyer and Terminer of Luzerne County, not having been given a preliminary hearing and not having been advised as to the nature of the charge against him; (2) he was illegally returned from the State of Georgia by agents of the Pennsylvania Board of Parole; (3) he was relieved from any further obligation to the Commonwealth of Pennsylvania by reason of his entry into the United States Army.

Relator was tried and convicted by a jury on bills Nos. 561-F and 564-A, February Sessions, 1932, charging robbery, in the Court of Oyer and Terminer of Luzerne County; and on bill No. 561-G, February Sessions, 1932, charging burglary and larceny, he entered a plea of guilty. Relator was represented by counsel. On April 18, 1932, he was sentenced to the Eastern State Penitentiary as follows: On bill No. 561-F to a term of not less than ten years nor more than twenty years; on bill No. 564-A to a term of not less than ten years nor more than twenty years; on bill No. 561-G to a term of not less than five years nor more than ten years; the sentences to run consecutively.

On October 3, 1951, relator filed his petition for writ of habeas corpus in the Court of Common Pleas of Luzerne County, whereupon a rule was granted to show cause why a writ should not issue. Answers were filed by the Warden of the Eastern State Penitentiary and the Pennsylvania Board of Parole. After hearing, at which relator appeared and testified, the court below, in remanding relator to the custody of respondent-warden and thereby denying the petition, made the following findings of fact, inter alia: "2. On November

20th, 1942, his sentence was commuted, and later, on December 22nd, 1942, he was released on parole.

"3. On June 9th, 1943, he entered the military service of the United States. Later in the same year he was honorably discharged because of physical disability. He returned to Pennsylvania for a short time and then procured employment in Bristol, Connecticut.

"4. On June 6th, 1946, while in Bristol, petitioner was convicted, in the District Court of the United States, Connecticut Division, of violating 18 U. S. C., Section 73, by uttering U. S. Savings Bonds for which crime he was sentenced to the Federal Penitentiary at Atlanta, Georgia.

"5. Thereafter, at a formal hearing of the Pennsylvania Board of Parole, petitioner was adjudged a convicted parole violator.

"6. On August 13th, 1948, Honorable James H. Duff, Governor of Pennsylvania, by requisition duly issued, requested the return of the petitioner to the Commonwealth of Pennsylvania for parole violation.

"7. On September 22nd, 1948, Honorable M. E. Thompson, Governor of the State of Georgia, honored said requisition and authorized George J. Weaver, representative of the Pennsylvania Board of Parole, to arrest the petitioner as a fugitive from justice and remove him to Pennsylvania.

"8. On December 2nd, 1948, the Pennsylvania Board of Parole ordered petitioner re-committed to the Eastern State Penitentiary, where he is now confined."

The above findings of fact of the court below are supported by the evidence. See *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 419, 72 A. 2d 150. See, also, *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 497, 498, 87 A. 2d 492.

Relator's first contention, which was not averred in his original petition for writ of habeas corpus, is

completely refuted by the records of the proceedings at No. 564-A, February Sessions, 1932, and could afford no justification for issuance of a writ of habeas corpus on relator's petition. Such record discloses that an information charging relator with robbery was executed by a State Police officer, and that a warrant was issued thereon by Honorable BENJAMIN R. JONES, Judge of the Court of Oyer and Terminer and Quarter Sessions of Luzerne County. A hearing was held before Judge JONES, sitting as a committing magistrate, on February 20, 1932. At this hearing relator entered a plea of not guilty, and the transcript recites that, testimony having been taken, "he is required to give bail for appearance at court in the sum of $50,000." Thereafter an indictment was presented to the grand jury and a true bill was found on March 9, 1932. At his trial on this indictment on April 4, 1932, at which he was represented by counsel, relator entered a plea of not guilty, which plea was endorsed on the indictment. If relator was of the opinion that the preliminary proceedings were not conducted in accordance with the law, he could have made a timely application to the court before entry of plea and trial. *Com. ex rel. Geisel v. Ashe*, 165 Pa. Superior Ct. 41, 42, 68 A. 2d 360. In addition, until the contrary affirmatively and competently appears the relator is bound by the record. *Com. ex rel. Spencer v. Ashe*, 364 Pa. 442, 444, 71 A. 2d 799; *Com. ex rel. Kaylor v. Ashe*, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769.

There is no merit in relator's second contention that his removal from the State of Georgia by agents of the Pennsylvania Board of Parole was illegal and violative of his rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Relator argues that, since he was wanted in Pennsylvania merely for parole violation, he was not

charged with a crime, and as he was involuntarily taken to the State of Georgia by federal authorities he did not flee from justice. See Article IV, §2, of the Constitution of the United States.

It is the general rule that either a convict who escapes, or one who is released from prison on parole and violates the terms of his parole, may be extradited from another state in which he is found, as a fugitive from justice, on the ground that he is a convict whose time has not expired, and who, therefore, is charged with a crime. See Annotation 78 A. L. R. 420; 22 Am. Jur., Extradition, §25, p. 264; 35 C. J. S., Extradition, §10, p. 327. In *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 254, 180 A. 179, 181, this Court said: "The legal effect of a violation of a parole is on the same plane as an escape from penitentiary." See *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 117, 78 A. 2d 20.

In *Ex Parte Cohen,* 104 N. J. Eq. 560, 146 A. 423, it was held that a convict paroled by the New York authorities, who, while on parole, was convicted of an offense against the federal laws and taken to New Jersey to serve the sentence imposed by the federal court, could, upon his release in New Jersey, be extradited to New York, although his removal from the State of New York was not of his own volition. The court said, pages 424, 425 of 146 A.: "The motive or reasons which brought about the departure of the accused from New York must be regarded as immaterial. The mere fact that he is found within the state of New Jersey is prima facie proof that he fled the jurisdiction of New York, and he must, in my judgment, be regarded for the purpose of the matter sub judice as a convict who has escaped from the New York authorities, and, found within this state, be regarded as a fugitive from justice in the demanding state, New York."

Pursuant to the request of the Governor of the Commonwealth of Pennsylvania for relator's extradition, he was arrested and surrendered into the custody of a proper agent of the Pennsylvania Board of Parole by virtue of an executive warrant issued by the Governor of the State of Georgia, returned to this state and recommitted to the Eastern State Penitentiary. The manner of his return to Pennsylvania would not establish "probable cause to be delivered" from his present detention. Obviously the means employed to return him to this state did not relate to the restraint from which he seeks to be delivered, and consequently his return to this state, even if unlawful, would not make his present imprisonment illegal or in violation of due process.[2]

As to his third contention, relator's argument is to the effect that his service in the United States Army resulted in his discharge from parole; this is likewise devoid of merit. At the hearing in the court below on the petition for writ of habeas corpus there was no testimony submitted by relator with reference to his service in the United States Army, but he asserts in his petition that in May, 1943, he signed a waiver of parole and was accepted into the army on June 9, 1943. He was subsequently discharged on September 30, 1943.

---

[2] *Ex parte Campbell*, 1 F. Supp. 899; *United States ex rel. Humphries v. Hunt*, 15 F. Supp. 608; *People ex rel. McGee v. Hill*, 350 Ill. 129, 183 N. E. 17; *People ex rel. Barrett v. Dixon*, 387 Ill. 420, 56 N. E. 2d 816; *State v. Chandler*, 158 Minn. 447, 197 N. W. 847; *People ex rel. Kurzynski v. Hunt*, 257 App. Div. 1032, 13 N. Y. S. 2d 566; *Ex parte Youstler*, 40 Okla. Crim. Rep. 273, 268 P. 323. See, also, *Ker v. Illinois*, 119 U. S. 436, 7 S. Ct. 225, 30 L. Ed. 421; *Pettibone v. Nichols*, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148; *Com. ex rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 72 A. 2d 150; *Dows' Case*, 18 Pa. 37; *Com. v. Kenney*, 80 Pa. Superior Ct. 418; 22 Am. Jur., Extradition, §65, p. 303; Annotation, 165 A. L. R. 947-967.

Relator did not attempt to establish that control over him as a parolee had been or could be entirely relinquished without executive action before the expiration of the maximum terms for which he had been sentenced. See *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 589, 28 A. 2d 897. Consequently, section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, is applicable to relator, and by reason of his conviction of a crime committed while on parole he may be compelled legally to serve, without commutation, the balance of his maximum sentences remaining unserved at the time his parole was granted.

Order is affirmed.