## Commonwealth *v.* Geisel, Appellant.

Submitted April 21, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*M. L. Geisel,* appellant, in propria persona, submitted a brief.

No appearance was made nor brief submitted for appellee.

PER CURIAM, July 17, 1952:

On November 10, 1951, appellant filed a petition for a writ of error coram nobis in the Court of Quarter Sessions of Indiana County. On September 8, 1941, appellant had entered pleas of guilty to two bills of indictment charging forgery (Nos. 59 and 62, June Sessions, 1941). He was sentenced on each bill for

a term of not less than two years nor more than five years in the Western State Penitentiary. The sentences were to be served consecutively.

Appellant in his petition recognized that he had pleaded guilty to the two charges of forgery on September 8, 1941, but assigned as reasons for setting aside the sentences (1) that the justice of the peace refused him a preliminary hearing; (2) that the justice of the peace erred in holding him for court; and (3) that the district attorney erred in presenting to the grand jury information, as certified by the justice of the peace, in the absence of proper witnesses.

The grand jury had returned true bills and appellant personally signed the pleas of guilty which were endorsed on each indictment. Endorsed also on the indictments are the names of the Commonwealth's witnesses.

Appellant's petition affords no basis for invoking the remedy of coram nobis, which is limited in scope.

In *Com. v. Brewer*, 170 Pa. Superior Ct. 251, 252, 85 A. 2d 618, 620, we said that the writ, which is an extraordinary remedy, has in practice "become almost obsolete because of the more convenient remedies by motion and, in criminal cases, also by petition for habeas corpus when a final judgment of sentence is sought to be set aside on the ground that it was unlawfully imposed. At common law the remedy of coram nobis was used *to correct errors of fact unknown at the time of trial to both the party seeking relief and to the court.* Under the writ in an appropriate case a judgment can be set aside by the court which entered it, for material errors of fact, *but not of law,* affecting its validity, and unknown to the court when it was entered." "The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable

by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered": *Com. v. Harris,* 351 Pa. 325, 327, 41 A. 2d 688, 690. See, also, *Com. v. Mathews,* 356 Pa. 100, 51 A. 2d 609; *Com. v. Morrison,* 158 Pa. Superior Ct. 311, 44 A. 2d 850.

Appellant's petition on its face presents no facts which, if they had been before the court, would have prevented the imposition of sentence after the pleas of guilty. Appellant's complaints relate to a preliminary hearing and the certification by the justice of the peace, which complaints, if true, were known or apparent to appellant before he entered his pleas. Moreover, they do not relate directly to the indictments, pleas and sentences.

Appellant has filed numerous petitions for writs of habeas corpus in the state and federal courts. His petition for writ of error coram nobis contains substantially the same allegations as those in his petition for writ of habeas corpus filed in this Court and refused on July 15, 1949, in *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360.

Order is affirmed.