380 Commonwealth ex rel. Comer, Appellant, v. Claudy.

Commonwealth ex rel. Comer, Appellant, *v.* Claudy.

Submitted November 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Willard E. Comer, Sr.,* appellant, in propria persona, submitted a brief.

*Wray G. Zelt,* District Attorney, and *John F. Roney,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY DITHRICH, J., January 20, 1953:

Willard E. Comer, Sr., has appealed from the dismissal of his petition for a writ of error coram nobis by the Court of Oyer and Terminer of Washington County. Appellant, his son, Willard E. Comer, Jr., and John Hiestand, were indicted for burglary, larceny, violation of the Uniform Firearms Act, and possession of burglary tools. Comer, Jr., entered a plea of guilty; Comer, Sr., the appellant, and Hiestand were found guilty after a trial by jury. On appeal by appellant to this Court from the refusal of his motion for a new trial the judgment and sentence of the court below were affirmed in an opinion by ARNOLD, J., now Mr. Justice ARNOLD, in *Commonwealth v. Comer,* 167 Pa. Superior Ct. 537 (allocatur refused ibid. xxvi), 76 A. 2d 233.

In *Commonwealth v. Brewer,* 170 Pa. Superior Ct. 251, 252, 253, 85 A. 2d 618, we said: "The ancient remedy of error coram nobis is still in existence in Pennsylvania. . . . But the writ is an extraordinary remedy rarely invoked (Cf. Commonwealth v. Harris, 351 Pa. 325, 329, 41 A. 2d 688) . . . Under the writ in an appropriate case a judgment can be set aside by the court which entered it, for material errors of fact, *but not of law,* affecting its validity, and unknown to the court when it was entered." Nowhere in his petition does appellant allege any error of fact which would affect the validity and regularity of the proceedings. Substantially all the errors complained of

in the petition were considered and disposed of on the motion for a new trial. In his petition appellant frankly states in conclusion "THAT, Your Petitioner has been informed by good Authority, that unless he seeks to exhaust ALL State Rights, he cannot enter the District Courts of The United States."

In *Commonwealth ex rel. Baugh v. Claudy*, 171 Pa. Superior Ct. 183 (allocatur refused ibid. xxiv), 90 A. 2d 307 (certiorari denied by the Supreme Court of the United States), we affirmed the dismissal of a writ of error coram nobis by the Court of Oyer and Terminer of Allegheny County on the opinion of SOFFEL, J., for the court en banc. In its opinion the court below said (p. 186) : "This is one of many cases now being brought before the courts on petition by an inmate of the penitentiary, who, encouraged by fellow-inmates, either presents a petition for writ of habeas corpus or writ of error coram nobis." In a Per Curiam opinion affirming the order of the court below we said (p. 187) : "The attempted use of this writ by those who have no comprehension of its limited scope is becoming more frequent. See Com. v. Geisel, 170 Pa. Superior Ct. 636, 90 A. 2d 306. Those seeking to invalidate or set aside, by writs of habeas corpus or coram nobis, the sentences under which they are held in confinement should adhere to truth and accuracy in both petitions and briefs."

In dismissing the petition, the basis of this appeal, after argument before the court en banc, GIBSON, P. J., said: "The defendant was ably represented at the trial and subsequently by capable and eminent counsel [Honorable Challen W. Waychoff, former President Judge of the Court of Common Pleas of Greene County]. . . .

"We have not undertaken to answer all of the reckless charges made in the defendant's petition. The de-

fendant had the opportunity to have all of these matters disposed of at the time of his motion for a new trial and also had the opportunity to submit them to the Superior Court on his appeal."

There is no merit to the petition, it apparently having been presented by appellant in order "to exhaust ALL State Rights" in preparation for his entry into the United States District Court. The learned court below committed no error in summarily dismissing it.

Order affirmed.