*J. Grant McCabe, III,* with him *John B. Martin,* for appellants.

*Alexander F. Barbieri,* for appellee.

PER CURIAM, November 15, 1954:
The judgment of the court below is affirmed on the opinion of Judge FLOOD.

## Commonwealth ex rel. Hershey, Appellant, *v.* Tees.

Submitted October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

The facts are stated in the opinion, by WISSLER, J., of the court below, as follows:

The matter before the court is upon a rule to show cause why a writ of coram nobis should not issue. Upon the filing of the petition by defendant for the writ, an answer was filed by the District Attorney of Lancaster County, and the matter came on to be heard upon petition and answer, and also rebuttal to the answer in the nature of a reply filed by the defendant. No testimony was taken and argument was submitted on briefs.

From the pleadings, which are not denied, it appears that Melvin W. Hershey, the petitioner, on September 20, 1951, filed a petition for a writ of habeas corpus in the Court of Common Pleas of Lancaster County, Pennsylvania. On October 26, 1951, a hearing was held on said writ and testimony taken, at which time petitioner appeared in the court and testified on his own behalf. On October 26, 1951, the court entered an order dismissing the petition for a writ of habeas corpus, and on July 31, 1952, the court dismissed the second petition for a writ of habeas corpus. This decision was appealed to the Superior Court of Pennsylvania on September 4, 1952, and on January 16, 1953, a certificate of discontinuance was filed with the Superior Court. On June 4, 1952, the present petitioner, Melvin W. Hershey, filed a motion to quash the indictments and on January 15, 1953 filed a motion to reopen the hearing on his motion to quash, which was involved in his petition for a writ of coram nobis. On April 10, 1953, an opinion was filed overruling petitioner's motion to quash the indictments. Petitioner also filed a petition for a writ of habeas corpus in the United States District Court in Philadelphia, which was refused. Likewise a petition for a writ of mandamus filed in the Supreme Court of Pennsylvania was dismissed, as was the writ of certiorari to the Supreme Court of the United States. In all of

the foregoing proceedings petitioner raised the same questions of fact as are raised in part by the present petition and have therefore been adjudicated.

The petitioner further alleges in paragraph five of his petition that on June 8, 1953 he was tried on the charges involved in the present writ of coram nobis, and was not notified that he was going to be brought for trial until he was in the car bound for court, and that he was denied counsel of his own choosing and had not sufficient time to acquaint the court appointed counsel with the facts of the case. These allegations are not in accord with the facts. Counsel was appointed to defend him only because petitioner was without funds. The usual noon recess preceded the opening of the defense, affording ample time to apprise his counsel of the facts. Apart from these facts, however, after the jury returned its verdict and before sentence was imposed, the petitioner was asked by the presiding judge, the writer of this opinion, whether he had anything to say before imposition of sentence, at which time the petitioner stated that he was guilty of the offense charged.

Under a writ of coram nobis, a judgment can be set aside by the court which entered it, for material errors of fact, but not of law, affecting its validity, and unknown to the court and the party seeking relief when judgment was entered: *Commonwealth v. Richardson*, 172 Pa. Superior Ct. 354. In *Commonwealth v. Harris*, 351 Pa. 325, 328, Chief Justice MAXEY quoted the following from 2 Ruling Case Law, Sec. 262, page 307: " 'The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known at the time the judgment was rendered would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law, nor will it lie to permit the review

of a judgment for after-discovered evidence.' " Also see *Commonwealth v. Connelly,* 172 Pa. Superior Ct. 363.

No issue has been raised by the petition for a writ of coram nobis that was not considered by this court in its previous adjudications, or unknown to it when judgment was rendered.

AND NOW, January 15, 1954, the rule to show cause why a writ of coram nobis should not issue is discharged, and the petition is dismissed by the court.

*Melvin W. Hershey,* appellant, in propria persona.

*William C. Storb,* for appellee.

PER CURIAM, November 15, 1954:
The order of the court below is affirmed on the opinion of Judge WISSLER.

# Frigidinners, Inc., Appellant, *v.* Branchtown Gun Club.

