179 Pa. Superior Ct. 486 (1955)
Commonwealth ex rel. Luzzi, Appellant,
v.
Court of Quarter Sessions and Oyer and Terminer of Berks County.
Superior Court of Pennsylvania.
Submitted October 6, 1955.
November 16, 1955.
Before RHODES, P.J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.
Frank Luzzi, appellant, in propria persona.
Edward Youngerman, Assistant District Attorney, and Henry M. Koch, District Attorney, for appellee.
*487 OPINION PER CURIAM, November 16, 1955:
Relator has appealed from the dismissal of his petition for writ of error coram nobis by the Court of Quarter Sessions of Berks County. The petition is devoid of merit, and it was proper for the court below to dismiss it. Relator's petition for the writ contains substantially the same averments as those in his petition for writ of habeas corpus which was before this Court on appeal in Com. ex rel. Luzzi v. Tees, 176 Pa. Superior Ct. 528, 108 A. 2d 921, wherein we held that relator had not established any denial of due process or other infringement of his rights. Relator's petition for the writ of error coram nobis set forth: (1) That it was not established at the trial that he was at the scene of the crime; (2) that he was not allowed to see a copy of the indictment; (3) that perjured testimony was accepted at the trial; and (4) that he was innocent of the offense charged.
These allegations afford no basis for a writ of error coram nobis. We have repeatedly referred to the purpose and the limitations of this extraordinary remedy. See Com. v. Geisel, 170 Pa. Superior Ct. 636, 90 A. 2d 306; Com. ex rel. Comer v. Claudy, 172 Pa. Superior Ct. 380, 94 A. 2d 119; Com. ex rel. Hershey v. Tees, 176 Pa. Superior Ct. 640, 109 A. 2d 551.
In Com. v. Harris, 351 Pa. 325, 327, 41 A. 2d 688, 690, it was said: "The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered."
Order of the court below is affirmed.