Commonwealth *v.* Ondrejcak, Appellant.

Submitted April 10, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William L. Ondrejcak*, appellant, in propria persona.

*Robert J. Cassidy*, Assistant District Attorney and *David C. Wolfe*, District Attorney, for appellee.

OPINION PER CURIAM, July 17, 1956:

Appellant, on December 6, 1954, entered a plea of guilty on bill of indictment No. 56, December Sessions, 1954, in the Court of Quarter Sessions of Cambria County, charging assault with intent to kill. He was sentenced to undergo imprisonment in the county jail for a period of not less than two years nor more than five years. At the time of his plea and sentence appellant was represented by counsel.

A petition by appellant for writ of error coram nobis was filed in the Court of Quarter Sessions of Cambria County on December 19, 1955, seeking to have the sentence at No. 56, December Sessions, 1954, set aside and vacated. From the dismissal of his petition, appellant appealed to this Court.

In his petition appellant recites that he shot and wounded a man, that he fled from the scene to the state of West Virginia, and that he was returned by the police to Pennsylvania. The reasons he assigned for vacation of the sentence are: (1) That he was returned to Cambria County, Pennsylvania, without extradition proceedings or waiver thereof, and (2) that the warrant for his arrest was not read to him until after he had been committed to the Cambria County Jail.

The petition affords no basis for invoking the remedy of coram nobis, and the court below properly dismissed the petition and refused the writ. No fact is averred which, if it had been before the court, would have prevented acceptance of the plea of guilty or the imposition of sentence.

It does not appear that appellant's return to Pennsylvania was involuntary or unlawful. See Act of July 8, 1941, P. L. 288, §26, 19 PS §191.26; *Com. v. Johnson,* 372 Pa. 266, 272, 93 A. 2d 691. Moreover, the method of return to this Commonwealth, if it were unlawful, was not questioned by appellant or his counsel at the time of plea and sentence. See *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 421, 72 A. 2d 150; *Com. ex rel. Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 7, 89 A. 2d 899; *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 579, 93 A. 2d 906; *Hurst v. United States,* 180 F. 2d 835.

In *Com. v. Harris,* 351 Pa. 325, 327, 41 A. 2d 688, 690, our Supreme Court said: "The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered." See, also, *Com. v. Mathews,* 356 Pa. 100, 51 A. 2d 609; *Com. v. Morrison,* 158 Pa.

Superior Ct. 311, 44 A. 2d 850; 24 C.J.S., Criminal Law, §1606, p. 143.

It is obvious that any reason for complaint as to his return from West Virginia was known or apparent to appellant and his counsel before he entered his plea. The same is true of his second allegation which also has no merit in so far as this proceeding is concerned. See *Com. ex rel. Rushkowski v. Burke,* supra, 171 Pa. Superior Ct. 1, 5, 89 A. 2d 899; *Com. v. Geisel,* 170 Pa. Superior Ct. 636, 639, 90 A. 2d 306. See, also, *Shovlin v. Commonwealth,* 106 Pa. 369, 372.

Order of the court below is affirmed.