## Commonwealth *v.* Perry, Appellant.

Submitted November 17, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert D. Perry,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., December 14, 1961:

Petitioner has appealed from the order of the Court of Quarter Sessions of Allegheny County dismissing his petition for writ of error coram nobis. The court below dismissed the petition on the ground that no facts were alleged in the petition which would warrant the issuance of the writ. The action of the court below was proper and will be affirmed.

On December 1, 1958, petitioner with counsel, in open court, entered pleas of guilty on the indictments charging forgery; sentences were imposed. It does not appear that petitioner is under restraint or confined as a result of his probationary sentences.

Petitioner alleged in his petition that his detention in the Allegheny County Jail constituted duress and violated the due process clause of the Fifth Amendment to the Federal Constitution; that the delay in his trial violated the Sixth Amendment to the Federal Constitution guaranteeing a speedy trial; that he was on parole from the State of Ohio at the time of his trial; that there was no right to custody until his parole was terminated; that his right to competent legal advice was violated; and that he committed no crime in Pittsburgh.

It is obvious that these allegations afforded no basis for writ of error coram nobis.

In *Com. v. Harris,* 351 Pa. 325, 327, 41 A. 2d 688, 690, it was said: "The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered."

For the purpose and the limitations of this extraordinary remedy, see *Com. v. Geisel,* 170 Pa. Superior Ct. 636, 90 A. 2d 306; *Com. ex rel. Comer v. Claudy,* 172 Pa. Superior Ct. 380, 94 A. 2d 119; *Com. ex rel. Hershey v. Tees,* 176 Pa. Superior Ct. 640, 109 A. 2d 551; *Com. ex rel. Luzzi v. Court of Quarter Sessions and Oyer and Terminer of Berks County,* 179 Pa. Superior Ct. 486, 118 A. 2d 227.

The order of the court below is affirmed.