## Commonwealth ex rel. Alexander v. Myers

*Willie Alexander*, p.p.

*William C. Cahall*, 3rd, Assistant District Attorney, for respondent.

FORREST, P. J., May 25, 1962.—This is a petition by an inmate of the State Correctional Institution, Graterford, Pennsylvania, for writ of error coram nobis. The petition is addressed to the court of common pleas. Such petitions should be made to the court which entered the judgment; that is, the court of oyer and terminer or the court of quarter sessions: Commonwealth v. Geisel, 170 Pa. Superior Ct. 636 (1952). However, we have overlooked this error and treated the petition as if made to the court which sentenced the petitioner.

Petitioner alleges that he was induced to proceed to trial "In the absence of several of his principal witnesses"; that had such witnesses testified they would have shown that the petitioner was not guilty; that he never withdrew his motion for new trial and that when

sentence was imposed on April 29, 1961, he thought that the motion for new trial was still pending.

"The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered. . .

" 'In this proceeding [for writ of coram nobis] it is of course necessary to suggest a new fact upon the record, from which the error in the first judgment will appear . . . There is therefore no inconsistency in bringing this writ of error before the same judges who pronounced the judgment in the first instance; because they are required to pronounce upon a new state of facts, without impeachment of the former judgment on the facts as they then stood'. . .

" 'The writ will not reach facts actually determined in the original proceedings . . . The writ of error coram nobis is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed which if before the court, would have prevented the rendition of the judgment, and which *without any fault or negligence* of the party was not presented to the court' ": Commonwealth v. Harris, 351 Pa. 325, 327, 329, 330 (1945). (Italics supplied.)

In the same vein is Commonwealth v. Kadio, 179 Pa. Superior Ct. 196 (1955). A recent case discussing this subject is Commonwealth v. Perry, 196 Pa. Superior Ct. 598 (1961).

"Under the writ in an appropriate case a judgment can be set aside by the court which entered it, for material errors of fact . . . affecting its validity, and unknown to the court" (Commonwealth v. Brewer, 170 Pa. Superior Ct. 251, 252, 253 (1952) ; Commonwealth ex rel. Comer v. Claudy, 172 Pa. Superior Ct. 380,

381 (1953) ), "and the party seeking relief when judgment was entered" (Commonwealth ex rel. Hershey v. Tees, 176 Pa. Superior Ct. 640, 642 (1954) ). Thus, the writ is properly issued "to correct errors of fact which induced his plea of guilty": Commonwealth v. Brewer, supra, page 253.

Petitioner was represented by counsel at the trial of his case. He filed a motion for new trial, which he later withdrew. If petitioner had witnesses to establish an alibi, but through no fault or negligence on his part the testimony of those witnesses was not presented at the trial, he could have brought the matter before the court on motion for new trial before the imposition of sentence. Responsibility for his failure to do so is his. Petitioner previously filed a petition for writ of error coram nobis in this court, raising this very question of having alibi witnesses who did not testify at the trial. On November 29, 1961, we decided adversely to his contention. If he was dissatisfied, he could and should have taken an appeal from our order.

And now, May 25, 1962, the petition for writ of error coram nobis is dismissed. Costs to be paid by petitioner.