## Commonwealth ex rel. Ramp v. Russell

*Richard Paul Ramp*, p.p.

*Robert M. Keim*, District Attorney, for Commonwealth.

LANSBERRY, P. J., November 6, 1962.—On October 23, 1961, the court of Somerset County refused the petition of Richard Paul Ramp for a writ of error coram nobis and from that order petitioner has appealed to the Superior Court of Pennsylvania, which court thereafter granted a writ of certiorari. In obedience to Rule 43 of the Superior Court of Pennsylvania, we may set forth our reasons for the refusal of the writ of error coram nobis after briefly outlining the chronological events and considerations which led to the imposition of sentence and, subsequently, the refusal of the writ by this court.

On Monday, August 22, 1960, Richard Paul Ramp and an accomplice, Fred Ellis Barron, were called before the court for sentence on a charge of larceny, a

charge of burglary and a charge of prison breach, both of the defendants having previously entered their written pleas of guilty and the cases having been listed for imposition of sentence on the regular sentence list.

In order to understand the sentence of two and one-half to five years imprisonment for the offense of prison breach, the matter currently before the court, it is necessary to know that appellant, Richard Paul Ramp, had a juvenile record prior to his eighteenth anniversary and thereafter a record of three separate felonies prior to the offenses for which defendant was called for sentence on August 22. In an effort to rehabilitate defendant, he was placed on the probation of the court and made a special probationer under the supervision of the Pennsylvania Board of Parole and was under the immediate supervision of the State parole officer. It was during this period of probation that appellant, Richard Paul Ramp, and his accomplice, Fred Barron, committed the larceny, burglary and prison breach for which they were called for sentence on August 22, 1960.

In the course of the investigation of the alleged larceny and burglary offenses, the officers learned of the whereabouts of Richard Paul Ramp and Fred Barron and apprehended them in Ohio and brought them to Somerset on August 11, 1960, and it was at that time that the alleged prison breach was committed.

The circumstances of the prison breach are best related by the prisoner himself in his petition for the present writ of coram nobis beginning with the sixth paragraph of his petition:

"6. Petitioner was escorted by agent Smith, his parole officer, and Thomas H. Sterner, Pennsylvania State Trooper from Circleville, Ohio to Somerset, Pennsylvania as a parole violator.

"7. Petitioner arrived with escorting officers and about 9:00 P. M. entered the Sheriff's office located in

the same building and adjacent to the portion containing the jail.

"8. Parole Officer Smith removed the handcuffs from petitioner then turned to converse with State Trooper Sterner.

"9. Petitioner turned and bolted through the door and escaped into the streets of Somerset.

"10. Three days later, August 14, 1960, petitioner was apprehended and on that day committed to the Somerset County Jail as shown by the letter Sheriff Walker, warden of the said jail, attached hereto and marked Exhibit 2.

"11. At no time before August 14th was petitioner committed to the custody of the warden of Somerset County Jail.

"12. At the time petitioner ran he was still under the custody and control of Parole Agent Smith.

"13. Petitioner was in Parole Agent Smith's custody by virtue of the latter's position as representative of the Pennsylvania Parole Board whose jurisdiction for parole violation over petitioner was exclusive.

"14. At the instance of the district attorney and in the presence of Sheriff Walker and State Trooper Sterner, on August 19, 1960 petitioner Richard Ramp signed a stamped endorsement on indictment forms that states he waives grand jury, representation by counsel and enters pleas of guilty.

"15. The explanation of the district attorney, waiver of rights and entry of plea took place in the Somerset County Jail in the presence of the warden and escorting officers Sterner, and Smith, with only the district attorney to judge the completeness and impartiality of his explanation.

"16. Petitioner, who has a tenth grade education and is completely ignorant of legal procedure and requirements, did not know what elements constitute the crime of prison breach.

"17. The details of his escape from the officers were never explained to the court and the court acted upon the assumption that petitioner had been committed to the Somerset County Jail at the time of his escape."

With the foregoing facts in mind we may briefly review the function and scope of the writ of coram nobis.

Mr. Chief Justice Maxey in Commonwealth v. Harris, 351 Pa. 325, speaks of the writ of coram nobis as follows (p. 327):

"The writ of error coram nobis to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered . . ."

And further, in this same opinion, quoting from 2 Ruling Case Law, sec. 262, p. 307, continues:

"The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known at the time the judgment was rendered would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law, nor will it lie to permit a review of a judgment for after discovered evidence . . ."

In 11 P. L. Encyc., Criminal Law §650, the function of the writ is stated:

"The petition for the writ must seek to bring before the court some fact which was not presented to the trial court and which was not known to the trial court at the time it entered judgment": citing Commonwealth v. Mathews, 356 Pa. 100.

The same authority further asserts:

". . . it follows that the petition for the writ must present to the court something which the court has not in any manner previously considered on its mer-

its": citing Commonwealth ex rel. Hershey v. Tees, 176 Pa. Superior Ct. 640.

As a matter of fact, both at the time of the imposition of sentence by the court and prior thereto the sentencing court was fully cognizant of all of the facts with reference to the prison breach. On the evening of August 11, 1960, soon after 9:30 in the evening, the court was called by telephone and informed of the occurrence which had taken place in the jail office which is a portion of the jail house and connected to the sheriff's residence and which residence is immediately west of the home occupied by the judge. Later that same evening the court was fully informed by Sheriff Walker, Officers Sterner and Smith, the immediate probation officer for the petitioner. Between that time and August 22, 1960, when defendant Ramp (and his accomplice) was called for sentence, at least two and probably three conferences were had by the court with the district attorney, the sheriff, the State policeman and the special parole officer, at which time all of the relevant facts were revealed and reviewed with the court and the matter discussed. These conferences were had because the district attorney had previously informed the court that the two defendants had indicated to him that they intended to plead guilty to the larceny, the burglary and the prison breach charges and for that reason the pre-sentence investigation and consideration was had in the manner indicated.

When the matter came on for the actual imposition of sentence, notwithstanding the assertion contained in the seventeenth paragraph of the petition for this writ, the court was fully cognizant of all of the details concerning the prison breach as well as the details concerning the larceny and burglary charges against the defendant. He was given full opportunity to make any further statements or explanations but offered

nothing new or additional to what the court already knew.

There is not a single fact disclosed by this petition or our subsequent inquiry into the matter since the presentation of the petition which was not known to the court at the time of the imposition of sentence and considered by the court prior to the imposition of sentence.

For the reason that on the basis of the law applicable there appeared to be no reason or no basis for the granting of a writ of coram nobis, this court did on October 23, 1961, decline the petition for the issuance of the writ.

Having again reviewed the whole matter and the law applicable we are constrained to the view that the order refusing the writ was proper.