# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Heck,                                           :
                                   Petitioner          :
                                                       :
          v.                                           :          No. 1925 C.D. 2015
                                                       :          Submitted:  August 12, 2016
Workers' Compensation Appeal                           :
Board (Stroehmann Bakeries),                           :
                                   Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                           **FILED:  September 20, 2016**


          Petitioner Walter Heck (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board).  The Board affirmed the decision of a Workers' Compensation Judge (WCJ), which: (1) granted Claimant's petition for review; (2) denied Claimant's penalty petition; and (3) granted a modification petition filed by Stroehmann Bakeries (Employer).  We vacate the Board's order and remand the matter for further proceedings.

          On July 12, 1997, Claimant sustained a work-related back injury.  By March 20, 2000, Claimant had received 104 weeks of disability benefits arising from that injury.  In September 2002, Employer submitted to the Bureau of Workers' Compensation (Bureau) a request for an Impairment Rating Evaluation (IRE) of Claimant.  On October 11, 2002, the Bureau designated Dr. Earl Wenner

to perform an IRE of Claimant. On or about October 28, 2002, Dr. Wenner issued an IRE report, indicating that Claimant had an impairment rating of twenty-five percent. In reaching his conclusions regarding Claimant's impairment rating, Dr. Wenner used the Fifth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (Guides). On November 8, 2002, Employer issued a notice of change of workers' compensation status (notice of change of status).

In May 2007, Claimant filed a petition to review compensation benefits in which he asserted that, based upon the timing of Employer's IRE request, the November 2002 notice of change of status was invalid. On or about October 25, 2007, Employer filed a petition to modify compensation benefits, in which Employer asserted that, as of October 28, 2007, Claimant's condition changed from total to partial based upon the 2002 IRE and that work was generally available to Claimant.

The petitions were initially assigned to WCJ Christina Tarantelli, who issued a decision denying Claimant's petition for review and granting Employer's modification petition. Claimant appealed that decision to the Board, which remanded the matter based upon the WCJ's error in precluding the submission of testimony of Claimant's treating physician. After the Board issued its remand order, Claimant filed a penalty petition, claiming that Employer unilaterally stopped paying for medication related to his work-related injury. The penalty petition was consolidated with the remanded petitions, and all three were reassigned to WCJ Wayne Dietrich. WCJ Dietrich issued a decision, concluding that Employer sustained its burden of proof based upon the IRE rating and denying Claimant's penalty petition. The WCJ, however, concluded that Claimant

2

sustained his burden of proof regarding Employer's discontinuance of payment for medication, finding that Claimant's prescription for Celexa was necessary for the treatment of Claimant's work-related injury.

Claimant again appealed to the Board, which, on October 16, 2013, vacated WCJ Dietrich's decision and remanded the matter to the WCJ, directing him to: (1) grant Claimant's petition for review in which he asked that Employer's November 2002 notice of change of status be declared invalid; (2) award unreasonable contest attorney's fees based upon Employer's challenge to the necessity of Claimant's medication; (3) make findings regarding whether Claimant suffered prejudice from Employer's delay in filing the modification petition approximately five years after the issuance of the IRE; (4) articulate an objective basis for credibility determinations regarding the testimony of Dr. Wenner and Claimant's expert, Dr. DeFalcis; and (5) permit the parties to present evidence concerning Claimant's penalty petition.

On remand, WCJ Dietrich granted Claimant's petition for review, awarded reasonable attorney's fees of $1,000, denied Claimant's penalty petition, and granted Employer's modification petition, modifying Claimant's disability benefits from total to partial. Specifically, the WCJ determined that the delay in filing the modification petition did not cause Claimant prejudice, and the WCJ accepted the opinion of Dr. Wenner over that of Dr. DeFalcis. Claimant appealed to the Board, arguing that (1) Dr. Wenner's testimony was not competent to support a finding that Claimant had reached maximum medical improvement (MMI); (2) the WCJ employed the wrong method to evaluate Claimant's impairment; (3) the WCJ erred in concluding that Employer's delay in filing the modification petition did not prejudice Claimant; and (4) the WCJ erred in

3

awarding only $1,000 in unreasonable contest attorney's fees. The Board rejected all of Claimant's arguments and affirmed the WCJ's decision.

On appeal,[1] Claimant raises the following issues: (1) whether Dr. Wenner's IRE rating of Claimant's impairment using the Fifth Edition of the Guides violates Article II § 1 of the Pennsylvania Constitution; (2) whether Dr. Wenner's impairment rating conducted pursuant to the Fifth Edition of the Guides violates Article III, § 18 and Article I, §§ 1 and 26 of the Pennsylvania Constitution; (3) whether the WCJ's decision was "reasoned" under Section 422(a) of the Workers' Compensation Act (Act),[2] where (a) the WCJ failed to explain the reasons why he did not consider and apply evidence suggesting that Claimant had not reached MMI; and (b) Dr. Wenner, in rendering his opinion regarding Claimant's impairment rating, did not address evidence relating to Claimant's condition, which, Claimant contends, rendered Dr. Wenner's opinion incompetent to support necessary factual findings; and (4) whether the Board erred in concluding that Claimant was not prejudiced by Employer's delay in filing the modification petition five years after Dr. Wenner completed the IRE.

If Claimant is correct regarding his claim that Employer's delay in filing its modification petition caused him prejudice, we would be able to reverse the Board's decision on those grounds, eliminating the need to address the constitutional claims arising from the application of the Guides. Thus, we will address that issue first.

---

[1] Our review of an order of the Board affirming a WCJ's decision is limited to considering whether the WCJ's necessary factual findings are supported by substantial evidence and whether an error of law or violation of constitutional rights occurred. 2 Pa. C.S. § 704.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

A WCJ may consider a claim that laches precludes an employer's modification petition, if an employer has engaged in a lack of due diligence and a claimant can demonstrate that he was prejudiced by the delay. *Roadway Express, Inc. v. Workmen's Comp. Appeal Bd. (Allen)*, 618 A.2d 1224, 1226 (Pa. Cmwlth. 1992). The Board concluded that: (1) Claimant had not suffered a pecuniary loss; and (2) Claimant did not demonstrate that he was unable to defend against the modification petition because of the delay because he had received the IRE and could have presented a defense against the substance of the IRE if his condition had changed in the intervening period. (Board Opinion at 10.)

In this case, Claimant contends that: (1) a delay of five years, in general, can cause difficulty in obtaining evidence to defend against a modification petition; and (2) in his case, where he is impaired by pain, narcotic medication, and suffers from depression, insomnia, and memory loss, obtaining such evidence is even more difficult. Additionally, as we noted above, Claimant contends that he was prejudiced because, during the years between the IRE and the date Employer filed the modification petition, he could not determine definitively whether Employer would act on the IRE. That uncertainty, Claimant contends, created a bar for him to make financial plans for his future. For the reasons that follow, we do not find Claimant's position meritorious.

We begin by noting again that Employer obtained the IRE on October 28, 2002, but did not file its modification petition until on or about October 25, 2007. In *Department of Public Welfare-Loysville Youth Center v.*

5

*Workers' Compensation Appeal Board (Slessler)*, 103 A.3d 397 (Pa. Cmwlth. 2014) (*Slessler*), we summarized Section 306(a.2)(1) of the Act[3] as follows:

> Section 306(a.2)(1) of the Act provides employers with the right to seek modification of a claimant's benefits, from total to partial, based upon the results of an IRE indicating that a claimant's "impairment" is less than 50%. The Act defines the term "impairment" as "an anatomic or function abnormality or loss that results from the compensable injury and is reasonably presumed to be permanent." [Section 306(a.2)(8)(i) of the Act, 77 P.S. § 511.2(8)(i)]. Section 306(a.2)(1) of the Act provides employers with the right to require a claimant who has received total disability benefits for a period of 104 weeks to submit to an IRE. If an employer makes such a demand within 60 days after the 104-week period has elapsed, and the IRE indicates that the impairment is less than 50%, a worker's compensation judge may grant a modification based solely on the results of the IRE as a matter of course. If an employer, as in this case, requests a claimant to submit to an IRE after the 60-day window, an employer may still seek modification of benefits from total to partial based on the IRE, but the normal administrative process for obtaining a modification of benefits applies, and an IRE becomes simply "an item of evidence just as would the results of any medical examination." *Diehl v. Workers' Comp. Appeal Bd. (I.A. Constr.)*, 5 A.3d 230, 244 (Pa. 2010).

*Slessler*, 103 A.3d at 404 (footnote omitted and replaced within brackets in text).

We agree with the Board's rejection of Claimant's prejudice argument, but for different reasons. An employer can file a modification petition at any time. It is true, as noted above, that the IRE process can provide an employer with an automatic modification if it complies with the timing provisions

---

[3] 77 P.S. § 511.2.

of Section 306(a.2)(1) of the Act.  When an employer seeks modification after that 60-day window, however, the IRE becomes only an item of evidence, and a claimant, in response, could argue that the item of evidence is stale due to the passage of time, and, as a result a WCJ should not afford the evidence much weight.  *Diehl*.  Although Claimant raises potential issues about his ability to develop an evidentiary record about his condition between the date of the IRE and the date Employer filed the modification petition, he has not identified any specific evidence that he could not produce in response to the substance of the IRE.  In fact, if, as he suggests, his condition changed within the intervening five years, he fails to explain how or why he cannot present evidence of his present condition in contrast to his condition in October 2002.  We, therefore, conclude that Claimant has failed to establish prejudice, and, therefore, the doctrine of laches does not apply in this case.

With regard to Claimant's constitutional challenge to the use of the Guides, we agree that the use of the Fifth Edition of the Guides was improper based upon this Court's holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.2d 406 (Pa. Cmwlth. 2015), *appeal granted in part*, 133 A.3d 733 (Pa. 2016).  In *Protz*, this Court held that Section 306(a.2) of the Act is unconstitutional insofar as it directs that the "most recent" version of the Guides should be used to determine an impairment rating.[4]  We remanded the matter

---

[4] In its order granting an appeal in part, the Supreme Court provided that the question to be considered was "[w]hether the Commonwealth Court—after properly determining that Section 306(a.2) of . . . the Act was unconstitutional—erred in remanding the case to the [WCJ] with instructions to apply the Fourth Edition of the [Guides] when neither Section 306(a.2) nor any section of the Act ever references the Fourth Edition and its usage was not sanctioned by the Pennsylvania Legislature."  Thus, the Supreme Court, while agreeing with this Court that **(Footnote continued on next page…)**

7

to the Board for further remand to the WCJ to reevaluate the matter in light of the Fourth Edition of the Guides, which were in effect when the provision was enacted by the General Assembly. We conclude here that the Board erred in affirming the WCJ's decision, because Dr. Wenner employed the Fifth Edition of the Guides, which, for the reasons expressed in *Protz,* renders the WCJ's decision erroneous. Additionally, although Claimant couches his reasoned decision argument as one relating to competence, that issue appears to be connected to the issue of whether evidence supports the WCJ's finding that Claimant reached MMI, and MMI is a factual matter for which the Guides provides a method for analysis. Consequently, as we held in *Protz*, we must remand the matter to the Board, which must remand the matter to the WCJ for new proceedings consistent with that decision.[5]

Accordingly, we vacate the Board's order and remand the matter to the Board with the direction to remand the matter to the WCJ for further proceedings consistent with this opinion.



P. KEVIN BROBSON, Judge

**(continued…)**

Section 306(a.2) is unconstitutional, is also considering whether the use of *any* of the Guides, including the Fourth Edition, which was in effect at the time the General Assembly adopted Section 306(a.2), is constitutional.

[5] By order dated July 27, 2016, this Court directed the parties to provide the Court with their respective positions on whether we should stay consideration of this matter pending the Supreme Court's review of *Protz*. One of the parties opposed a stay. We, therefore, resolve this appeal under the current state of law.

8

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Walter Heck,                 :
            Petitioner     :
                           :
         v.                  :    No. 1925 C.D. 2015
                           :
Workers' Compensation Appeal    :
Board (Stroehmann Bakeries),      :
            Respondent    :

## **O R D E R**

AND NOW, this 20th day of September, 2016, the order of the Workers' Compensation Appeal Board (Board) is VACATED. The matter is remanded to the Board with the direction to remand the case to the Workers' Compensation Judge for further proceedings.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge