Commonwealth ex rel. Firmstone, Appellant, *v.* Myers.

2

Submitted March 22, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Nathaniel Firmstone,* appellant, in propria persona.

*George M. Hess, Jr.,* District Attorney, for appellee.

OPINION BY HIRT, J., June 11, 1957:

The relator has appealed from the denial of his application for a writ of error coram nobis. Judge GREEVY, in the opinion accompanying the order of the lower court in this case, stated that this is the third time the petitioner has made application for a writ of coram nobis, and that four applications for writs of habeas corpus which had been filed by him had also been denied. Relator is now serving a life sentence imposed on him on May 21, 1952, as a fourth offender, under the Act of June 24, 1939, P. L. 872, §1108(b), 18 PS §5108.

Relator now complains that when he pleaded guilty to the charges of burglary in 1942 he was under the impression that he was 18 years of age; and that he has since learned that he then was only 17 years old. It is his present contention that since he was of juvenile court age when the 1942 crimes were committed these three convictions cannot be cumulated with subsequent convictions of felonies to make him a fourth offender within the purview of the Act.

By §14 of the Act of June 2, 1933, P. L. 1433, the juvenile court was given exclusive jurisdiction in a case affecting a delinquent child under 16 years of age. But by the amendment of the section by the Act of June 15, 1939, P. L. 394, 11 PS §256 if the child is between 16 and 18 years of age the court "may, at its discretion" but is not obliged to "transfer such cases to the juvenile court." Accordingly the Court of Quarter Sessions of Lycoming County had jurisdiction of the three offenses of which relator was convicted in 1942, even if his present averment as to his then age be accepted as true. Cf. *Trignani's Case*, 150 Pa. Superior Ct. 491, 28 A. 2d 702. The writ of error coram nobis therefore is not available to him. The facts alleged, extrinsic of the record if known, would not have changed the result. *Commonwealth v. Harris*, 351 Pa. 325, 327, 41 A. 2d 688; *Commonwealth v. Ondrejcak*, 181 Pa. Superior Ct. 102, 124 A. 2d 406.

The petition well might have been refused because it is repetitious of prior applications; but in any view there is not the slightest merit in relator's present application. He was convicted of attempted burglary in 1949; and of entering a building with intent to steal, in 1951; and of robbery; and also of burglary in the same year. Cf. *Com. ex rel. Firmstone v. Burke*, 175 Pa. Superior Ct. 128, and especially note pp. 132, 133, 103 A. 2d 476. Convictions on all these charges exclu-

sive of the 1942 felonies to which he pleaded guilty, were sufficient upon which to base a life sentence under the Pennsylvania Habitual Criminal Act, supra.

Order affirmed.