## Commonwealth v. Kreeger

*Donald L. Reihart,* for Commonwealth.
*Hugh S. Rebert,* for defendant.

BLAKEY, III, *J.,* November 27, 1974—On April 6, 1970, after pleading guilty to murder generally, defendant was adjudged guilty of murder in the first degree and sentenced to life imprisonment. He did not take a direct appeal. Defendant has now filed a petition for a writ of error coram nobis, contending that the sentence of life imprisonment was unconstitutional as it did not specify a minimum and maximum in accordance with the Act of June 19, 1911, P.L. 1055, sec. 6, as amended, 19 P.S. §1057, and that he has been subjected to arbitrary and invidious discrimination as a result.

As the issue is purely legal, the court ruled that a hearing was not necessary. Briefs have been received, and this determination made after a review of the same.

It is clear that defendant has followed the wrong procedure. While the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§1180-1, et seq., did not abolish the common law remedy of coram nobis, it did promulgate an exclusive and well-defined procedure for the presentation of those grievances when the aggrieved is in

prison or on parole or probation: Commonwealth v. Sheehan, 446 Pa. 35 (1971). Further, even before the Post Conviction Hearing Act was adopted, a writ of error coram nobis was appropriate to correct errors in fact but not of law: Commonwealth v. Harris, 351 Pa. 325 (1945); and was not available as a substitute for an appeal: Commonwealth v. Orsino, 197 Pa. Superior Ct. 306 (1962). Legality of sentence is, of course, an issue to be raised by such appeal.

Consequently, this petition for writ of error coram nobis will be dismissed.

We note that the Supreme Court, in Sheehan, treated a petition under the Post Conviction Hearing Act as a petition for a writ of error coram nobis indicating that the trial court should act by whatever procedural channels appear necessary to do justice when the record makes plain a right to relief. By analogy, if the right to relief is clear it would be appropriate for this court to do the reverse and treat this petition for a writ as a petition under the Post Conviction Hearing Act. However, we do not feel that the record makes plain the right to relief. To the contrary, we conclude that the act under which defendant was sentenced and the Act of 1911 can and should be read together so that a minimum sentence is required in all cases other than first degree murder. We note that, at the time the Act of 1911 was adopted, first degree murder was a capital offense for which only the death penalty was imposed and that this situation was not changed until the Act of June 24, 1939, P.L. 872, sec. 701, 18 P.S. §4701. Further, in the view of this court, the distinction is not an indication of an invidious discrimination but the result of rational and reasonable classification. First degree murder as a

willful, deliberate, premeditated killing is different and is in a class by itself. In our view, the offense is sufficiently different and serious to justify the absence of a minimum and the creation of a classification not subject to this constitutional attack. See Skinner v. Oklahoma, 316 U.S. 535 (1942) and McGlaughlin v. Florida, 379 U.S. 184 (1964).

Consequently, we enter the following

## ORDER

And now, November 27, 1974, this petition is dismissed. We grant defendant an exception.