J-S74027-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK ROSELLI, | : | |
| | : | |
| Appellant | : | No. 891 EDA 2014 |

Appeal from the Judgment of Sentence July 10, 2012,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0000820-2011

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JANUARY 13, 2015**

Frank Roselli ("Roselli") appeals from the judgment of sentence

entered following his convictions of burglary and theft by unlawful taking.[1]

Following our review, we affirm.

The trial court ably summarized the operative facts as follows:

> These charges arose out of an incident that occurred
> on January 19, 2011[,] a little after midnight. At that
> time, Officer James Lee was called to 1728 DeKalb
> Street in Norristown, Pa. for a report of a burglary in
> progress. As he arrived at 1728 DeKalb Street and
> walked up the driveway, Officer Lee saw two other
> officers dealing with [Roselli] who was on the ground
> at that time.  He also noticed a woman by the name
> of Rochelle Wisniewski who was yelling, and Joseph
> Staiber who identified himself as the homeowner.
>
> Prior to Officer Lee's arrival, Staiber and Wisniewski
> returned home from a dinner at approximately 12:15
> a.m. on January 19, 2011. As they were pulling up

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3921(a).

*Retired Senior Judge assigned to the Superior Court.

the driveway, Wisniewski saw someone in the home and said something to the effect of "that's not Joey,' referring to their 19-year-old son. Staiber looked up and also saw an individual who he did not recognize in the home. Staiber threw his phone at Wisniewski and told her to call the police while he got out of the car. As he entered the home through the main entrance, Staiber grabbed a hockey stick that was propped up against the house for protection. When he got into his home, he saw [Roselli] moving fast toward the front of the house. [Roselli] was holding Wisniewski's red suitcase with wires hanging out of it and Staiber noticed [that] [Roselli] was carrying two laptops, two iPads, and bottles of liquor underneath his arms.

[Roselli] exited through the front door and Staiber followed him down the driveway and then north on DeKalb Street. Staiber continued to follow [Roselli] who was dropping Staiber's items onto the ground, which was covered in ice and snow at the time. After circling the block, [Roselli] eventually ran back toward Staiber's home and when [Roselli] became within 15-20 feet from Wisniewski, Staiber hit him with the hockey stick. At that point the police had arrived.

The police took [Roselli] into their custody while Staiber and Officer Lee retraced the path to try to recover Staiber's property. When they returned to their home, Staiber and Wisniewski noticed their entire house was ransacked and multiple items were missing. Additionally, [Roselli] was searched after being taken into custody and said search yielded multiple items including U.S. [c]urrency; seven rings; nine earrings; seven pendants; three watches; five bracelets; thirteen necklaces; one hair barrette; an ornamental cross; a tie tack; three bottles of medication prescribed to Staiber and Wisniewski; a Garmin GPS unit; a Nikon camera; two small book reading lights; two mini LED flashlights; a corkscrew; and a golf ball marker. At the police station the next

day, Staiber identified all of these items as belonging to him and his girlfriend, Wisniewski.

A [c]riminal [c]omplaint was issued January 19, 2011 and [Roselli] was ultimately convicted by a jury of [b]urglary and [t]heft by [u]nlawful [t]aking on April 12, 2012. On July 10, 2012, this court sentenced [Roselli] to serve a mandatory term of imprisonment of [twenty-five] to [fifty] years under 42 Pa.C.S.A. § 9714(a)(2).

Trial Court Opinion, 6/10/14, at 1-3.

The procedural history following Roselli's conviction is somewhat complicated, but it is sufficient to note that he filed a post-sentence motion, which the trial court denied after a hearing thereon. Roselli's trial counsel, the Public Defender's Office, filed an untimely notice of appeal, which this Court quashed. Roselli's direct appeal rights were subsequently reinstated as result of a PCRA petition filed on Roselli's behalf. This timely appeal follows.

Roselli presents the following eight issues on appeal:

    I.    Whether the weight of the evidence fails to support the jury's finding [that] [Roselli] committed the crimes of [b]urglary [] and [t]heft by [u]nlawful [t]aking [], and specifically that Joseph Staiber was inside 1728 DeKalb Street in Norristown on January 19, 2011?

    II.    Whether the trial court erred in failing to suppress the physical evidence found during a warrantless search of [Roselli]?

    III.    Whether Joseph Staiber's statement to police should have not been given to the jury during

deliberations as this was not admitted as evidence at the time of trial?

IV.     Whether [Roselli] should be awarded a new trial or resentenced without application of 42 Pa.C.S.[A.] § 9714(a)(2) because the jury's finding that Joseph Staiber was inside 1728 DeKalb Street in Norristown on January 19, 2011 at the same time as [Roselli] is not supported by competent evidence of record, and without such a finding the [b]urglary conviction does not fall within the definition of "crime of violence" within the meaning of "three-strikes law" and that the application of the "three-strikes law" for an enhanced sentence is illegal in this case?

V.      Whether Pennsylvania's mandatory minimum statute set forth in 42 Pa.C.S.[A.] § 9714 is unconstitutional in that it permits an automatic increase of a defendant's sentence beyond the statutory maximum, without notice and without a jury finding beyond a reasonable doubt for its application in violation of the United States and Pennsylvania Constitutions, as well as *Alleyne v. United States*, 133 S.Ct. 2151 ([U.S.] 2013)?

VI.     Whether Pennsylvania's mandatory minimum statute set forth in 42 Pa.C.S.[A.] § 9714 is unconstitutional as applied to this matter in that it permitted an automatic increase of a defendant's sentence beyond the statutory maximum, without notice and without a jury finding beyond a reasonable doubt for its application in violation of United States Constitutions, as well as *Alleyne v. United States*, 133 S.Ct. 2151 ([U.S.] 2013)?

VII.    Whether the Commonwealth failed to prove that the enhanced sentencing penalties set forth in 42 Pa.C.S.[A.] § 9714 should be applied in this matter because the facts

underlying the prior convictions were based upon hearsay, as objected to by defense counsel, consisting of [a]ffidavits of [p]robable [c]ause and [b]ills of [i]nformation?

VIII. Whether the trial court erred in denying [Roselli's] [m]otion for dismissal pursuant to Pa.R.Crim.P. Rule [sic] 600 because he was not brought to trial within 365 days of the filing of the criminal complaint?

Roselli's Brief at 6-7.

Many of these issues involve overlapping considerations, and where issues overlap, we will address them together. We begin with Roselli's first issue, which is a challenge to the weight of the evidence supporting his two convictions.

Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate

conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in the original) (citations omitted).

Accordingly, we are mindful that as we review Roselli's claim, we are not passing on the underlying question of whether the verdicts were against the weight of the evidence, but rather we are considering whether the trial court abused its discretion in denying his motion for a new trial based upon his claim that the verdict was against the weight of the evidence. We are focused, therefore, on evidence that the trial court's ruling is "manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Id.*

Roselli has not presented a relevant argument in light of our standard and scope of our review. He frames his argument in terms of inconsistencies between Mr. Staiber's trial testimony and the content of the statement he gave to the police, and assails the jury's fact finding. Roselli's

Brief at 20.[2] He does not present any argument as to how he believes the trial court abused its discretion in denying his post-sentence motion. *Id.* at 20-21. Roselli directs his entire argument to the underlying question of whether his convictions are against the weight of the evidence. As stated above, this is not the question before us for review.

Roselli has failed to provide us with relevant argument relative to our standard of review, and this Court will not develop an argument on his behalf. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). In addition, however, our independent review of the record provides us with ample support for the conclusion that the trial court did not abuse its discretion in deciding that the verdicts in this case were not against the weight of the evidence. We therefore find no merit to Roselli's claim.

In his second issue, Roselli argues that the trial court erred in denying his motion to suppress items recovered from when the police searched him, following his arrest, without a warrant. Roselli's Brief at 21. The trial court concluded that the arrest was adequately supported by probable cause, and therefore, pursuant to "well-settled" Pennsylvania law, the police were entitled to search Roselli following his arrest without a warrant. Trial Court

---

[2] Roselli also includes a one-sentence "argument" contending that an element of theft by unlawful taking was not established because "the property was dropped in the presence if the home owner." Roselli's Brief at 21. This statement attacks the sufficiency of the evidence supporting Roselli's theft conviction, which is a claim that he did not raise in his statement of questions involved. *See* Appellant's Brief at 6-7. As such, we will not address it. *See* Pa.R.A.P. 2116(a).

Opinion, 6/10/14, at 8 (citing **Commonwealth v. Ventura**, 975 A.2d 1128, 1139 (Pa. Super. 2009)). Roselli counters by asserting only that the arrest was invalid because "law enforcement did not possess the requisite information in order to place him under arrest at that point in time[.]" Roselli's Brief at 21. He does not cite or discuss relevant case law that would support his position.[3]

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. [] **Gould**, 912 A.2d [at] 873 []. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. **Id.**; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **Gould**, 912 A.2d at 873. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

**Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007).

Roselli's complete failure to cite or discuss relevant case law significantly impedes our ability to review this issue. The law surrounding warrantless searches and seizures by the police is highly nuanced and the application of this law depends almost entirely on the specific details of a particular case. As such, Roselli's failure to include citations to and discussion of relevant case law effectively precludes our ability to

---

[3] We note that Roselli's entire argument in support of this issue consists of one paragraph.

meaningfully review his claim. As stated above, "[this] court will not become the counsel for an appellant" and develop arguments on an appellant's behalf. *Gould*, 912 A.2d at 873. We therefore find this issue waived.

Next, Roselli argues that the trial court should not have provided the jury Mr. Staiber's statement to the police during its deliberations because it was never admitted as evidence during trial. Roselli's Brief at 22. Roselli concedes that his trial counsel did not object to the statement being given to the jury.[4] He contends, however, that the failure to object "should not preclude appellate review of this issue as it was inappropriate to permit the jury to have a piece of evidence that was not properly admitted at trial." *Id.* We cannot agree. It is axiomatic that "[a] defendant must make a timely and specific objection at trial or face waiver of her issue on appeal." *Commonwealth v. Schoff*, 911 A.2d 147, 158 (Pa. Super. 2006); *see also* Pa.R.A.P. 302. We are simply without discretion to overlook Roselli's failure to lodge a specific and timely objection to the trial court's ruling, as he encourages us to do. Accordingly, this issue is waived.

We now turn to Roselli's fourth issue, which purports to be an argument regarding the jury's finding that Mr. Staiber was in the home at

---

[4] Notably, the record reveals not only that Roselli did not object to the trial court's decision to allow the jury to view Mr. Staiber's statement during deliberations, but that he actively advocated for it. *See* N.T., 4/12/12, at 120.

the same time as Roselli, which is required for the burglary conviction to constitute a "crime of violence" within the meaning of the "three-strikes law," 42 Pa.C.S.A. § 9714 ("§ 9714"). Roselli's Brief at 6, 23. However, he puts forth no discussion regarding evidence of Mr. Staiber's presence in the home with Roselli. Rather, the entire argument on this point is dedicated to Roselli's claim that the evidence presented by the Commonwealth to establish that Roselli had two prior crimes of violence was hearsay, and therefore that the trial court erred in relying on it to conclude that § 9714 applied. *Id.* at 23-27. Similarly, in his seventh issue, Roselli argues that the evidence put forth by the Commonwealth to prove that § 9714 applied was hearsay, and therefore incompetent to support the trial court's conclusion. *Id.* at 29. As these issues present the same argument, we address them together.[5]

Section 9714 is entitled "Sentences for second and subsequent offenses." It provides, in relevant part, as follows:

> **(a) Mandatory sentence.**--
>
> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of

---

[5] Yet again, the argument presented by Roselli in support of these issues are badly underdeveloped. In these instances, however, Roselli's failure to properly develop this claim does not significantly hamper our ability to review the issue presented, and so we will not find it waived.

total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

 **(d) Proof at sentencing**.--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for

the Commonwealth to submit evidence regarding the previous convictions of the offender. **The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.** Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

\*\*\*

**(g) Definition**.--As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to

> ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1)[6] (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S.A. § 9714(a),(d),(g) (emphasis added) (footnote added).

Thus, the law requires that the trial court must make a determination, based upon evidence before it, whether the defendant has previous convictions for crimes of violence as defined by subsection (g). At sentencing in the present case, the Commonwealth offered a certified copy of Roselli's conviction of first-degree felony burglary from 1989 in Delaware County and a copy of the affidavit of probable cause associated with that conviction. The Commonwealth similarly offered a certified copy of Roselli's 1998 first-degree felony burglary conviction from Dauphin County as well as the affidavit of probable cause in that matter. N.T., 7/10/12, at 7-11. Roselli objected to the affidavits (which were the only documents stating that another person was present in the home at the time Roselli burglarized

---

[6] "A person commits the offense of burglary if, with the intent to commit a crime therein, the person[] (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502(a)(1).

them) as hearsay. ***Id.*** at 8,10-11. The trial court overruled Roselli's objection upon its rationalization that it is not bound by the rules of evidence in a sentencing proceeding, and further that the documents presented by the Commonwealth were "self-certifying, reliable documents." Trial Court Opinion, 6/10/14, at 13. We can see no error in that determination. The trial court is correct in that

> a proceeding held to determine sentence is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials. ***Commonwealth v. Orsino***, [] 178 A.2d 843, 846 (Pa. Super. 1962) (sentencing court has wide latitude in considering facts, regardless of whether such facts are produced by witnesses who the court sees and hears); ***Commonwealth ex rel. Hendrickson v. Myers***, [] 144 A.2d 367, 371 ([Pa.] 1958) (same); ***Commonwealth v. Petrillo***, [] 16 A.2d 50, 58 ([Pa.] 1940) (same). Rather, the court may receive any relevant information for the purposes of determining the proper penalty. ***Commonwealth v. Maroney***, [] 193 A.2d 640, 642 ([Pa. Super.] 1963), citing ***Orsino, supra***.
>
> Although sentencing proceedings must comport with due process, the convicted defendant need not be accorded 'the entire panoply of criminal trial procedural rights." ***Commonwealth v. Wright***, [] 494 A.2d 354, 360 ([Pa.] 1985), quoting ***Gardner v. Florida***, 430 U.S. 349, 358 n. 9, 97 S.Ct. 1197, 1205 n. 9, 51 L.Ed.2d 393, 402 n. 9 (1977), aff'd sub nom. ***McMillan v. Pennsylvania***, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In fact, "[t]he due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure." ***Maroney***, 193 A.2d at 642, quoting ***Williams v. New York***, 337 U.S. 241, 251, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337, 1344 (1949) (as a matter of federal law, some hearsay concerning criminal conduct not resulting in

> conviction may be permitted in a sentencing hearing).

***Commonwealth v. Medley***, 725 A.2d 1225, 1229 (Pa. Super. 1999). Here, the trial court found the certified documents from the Courts of Common Pleas of Delaware and Dauphin Counties to be relevant, and, of more importance, reliable sources to establish that persons were present at the time Roselli committed the two prior burglaries. Despite his protestation that the trial court should not have considered documents that contain hearsay, Roselli has provided us with no authority to support his claim that the trial court was precluded from considering hearsay statements. Roselli's Brief at 27, 29-30. To the contrary, our law provides that the trial court was not bound by the rules of evidence, and therefore, the trial court was permitted to consider any information it deemed relevant, including the affidavits of probable cause submitted in connection with Roselli's prior convictions.

In his fifth issue, Roselli challenges the constitutionality of § 9714. Roselli argues that § 9714 is unconstitutional because it "permits an automatic increase of a defendant's sentence beyond the statutory maximum[] without … a jury finding beyond a reasonable doubt for its application, in violation of … ***Alleyne v. United States***, 133 S. Ct 2151 ([U.S.] 2013)." Roselli's Brief at 27. Roselli begins be recognizing that pursuant to the United States' Supreme Court's decision in ***Alleyne***, any fact that could subject a defendant to the application of a mandatory minimum

sentence must be found by a jury. Roselli notes that prior to the *Alleyne* decision, an exception to this holding existed for prior convictions, as provided in *Almendarez–Torres v. United States*, 532 U.S. 244 (1998), but contends that the *Alleyne* decision has abrogated the exception created in *Almendarez-Torres*. Roselli's Brief at 28. We do not agree. In the *Alleyne* decision, the Supreme Court excluded the *Almendarez-Torres* exception from its holding. It stated, "In *Almendarez–Torres* [] we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Alleyne*, 133 S. Ct. at 2160 n.1 (citation omitted). Thus, contrary to Roselli's claim, a plain reading of the *Alleyne* decision defeats his argument.[7]

In his sixth issue, Roselli argues that the application of § 9714 in his case is unconstitutional because the jury did not make the finding that he has two prior convictions for crimes of violence. Roselli's Brief at 29. Having rejected his claim that the jury was required to make this finding, this issue fails.

Finally, we reach Roselli's last issue, in which he argues that the trial court erred in denying his motion to dismiss the charges against him because of a violation of Pa.R.Crim.P 600. Our standard of review for such

---

[7] We note that this Court recognized the continued validity of the *Almendarez-Torres* exception in *Commonwealth v. Lane*, 81 A.3d 974 n.5 (Pa. Super. 2013).

- 16 -

claims is whether the trial court abused its discretion. ***Commonwealth v. Baird***, 919 A.2d 258, 260 (Pa. Super. 2007).

> To determine whether dismissal is required under Rule 600, a court must first calculate the mechanical run date, which is 365 days after the complaint was filed. Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Case law also provides that a court must account for any 'excludable time' and 'excusable delay.' Excludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. ... The only occasion requiring dismissal is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay.

***Commonwealth v. Colon***, 87 A.3d 352, 358 (Pa. Super. 2014) (internal citations and quotations omitted).

In the present case, the trial court found that the criminal complaint was filed on January 19, 2011 and trial commenced on April 11, 2012, and concluded that trial commenced 448 days after the Commonwealth filed the criminal complaint against Roselli. Trial Court Opinion, 6/10/14, at 15-16. The trial court further found multiple periods of excusable and excludable delay. Of significance to this appeal, it concluded that 137 days of delay were attributable to Roselli's request for a competency evaluation, and therefore excludable. ***Id.*** at 16. Adding the 137 days to the mechanical run date of January 19, 2012, the trial court calculated an adjusted run date of

June 4, 2012. *Id.* at 16-17. As trial ultimately commenced on April 11, 2012, which was within the adjusted run date, the trial court concludes there was no Rule 600 violation. *Id.* at 17.

The record reveals that the criminal complaint was filed on January 19, 2011, *See* Criminal Complaint, 1/19/11; N.T.; 3/26/12, at 41, making the mechanical run date January 19, 2012. The case came up to be listed for trial on June 7, 2011, at which time counsel for Roselli requested a competency exam. N.T., 3/26/12, at 44-45. The case was relisted for trial on September 20, 2011, although no competency exam had occurred. On October 27, 2011, Roselli's counsel renewed his request for a competency exam, which finally occurred on November 18, 2012. *Id.* at 47. Following the completion of the examination and the issuance of the resulting report by the examining physician, the case was again placed on the trial list on November 28, 2011. *Id.* at 48. The case was not reached during the December, January, or February trial terms. *Id.* at 48-49. It was then scheduled for trial on March 26-27, 2012. *Id.* at 49. On those days, the trial court held hearings on Roselli's Rule 600 and suppression motions. The trial court denied both, and trial subsequently commenced on April 11, 2012.

"[F]or purposes of [Rule 600], … this Court has held that a criminal defendant is unavailable for trial from the time he requests a continuance for evaluation of his competency until he is adjudged competent to stand trial."

***Commonwealth v. Miskovitch***, 64 A.3d 672, 681 (Pa. Super. 2013). Thus, Roselli was unavailable for trial from June 7, 2011, until he was declared competent, which occurred at the earliest on November 18, 2011, when his competency evaluation occurred. This is a period of 164 days. Adding that to the mechanical run date of January 19, 2012, we arrive at an adjusted run date of June 24, 2012. Roselli's trial commenced on April 11, 2012, well within the permissible timeframe.

Roselli argues only that the "delay for a competency evaluation cannot be considered excludable time" because "[Roselli] never signed any Rule 600 waivers" for that period of time, yet he does not cite any authority in support of this statement. Roselli's Brief at 32. As stated above, our law provides that delay attributable to a defendant' request for a competency evaluation is excludable for Rule 600 purposes. We know of no requirement that the defendant must sign a waiver agreeing to this characterization, and Roselli has cited to none.

Having found some of the issue raised by Roselli waived and the remaining issues meritless, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Bender, P.J.E. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015