J-S38005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER AARON SMITH | : | |
| | : | |
| Appellant | : | No. 642 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 3, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002747-2021

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 7, 2023**

Alexander Aaron Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after he entered an open guilty plea to three counts each of corrupt organizations and criminal use of a communication facility, eleven counts of dealing in proceeds of unlawful activities, seventeen counts of selling firearms to an ineligible transferee, and twenty counts of persons not to possess firearms. Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

Smith was an active member of a gun trafficking organization[1] that operated in multiple counties, including Montgomery County, between June 2019 and January 2021. As part of the organization, Smith purchased and sold firearms through the use of "straw" purchasers. Specifically, Smith and his 16 cohorts would recruit individuals with no criminal records to purchase firearms on their behalf and then, subsequently, instruct these "straw purchasers" to falsify the required state and federal paperwork by certifying that they were the actual buyers of the firearm despite the fact that the firearm would be transferred to a member of Smith's trafficking organization.

From 2019 to 2021, Smith operated as one of the organization's masterminds, receiving at least seventeen firearms as a result of straw purchases. Smith also purchased "ghost gun" kits that permitted firearms to be assembled by an individual without the need to complete any paperwork and then, later offered these assembled weapons for sale or trade outside legal processes. At the time of these aforementioned transactions, Smith was under the legal age to purchase a firearm in the Commonwealth of Pennsylvania, and was also statutorily prohibited from possessing, using, or purchasing a firearm based on a prior juvenile adjudication for possession of a firearm by a minor.

The Commonwealth sought imposition of mandatory minimum sentences, of at least five years of confinement, with respect to sixteen of

---

[1] One of Smith's co-defendants, Taye Maurice Wynder, has an unrelated appeal that is docketed at 619 EDA 2023.

Smith's sales of firearms to ineligible transferees, pursuant to 18 Pa.C.S.A. § 6111(h)(1). On September 14, 2022, Smith entered an open guilty plea to the above-mentioned offenses. In his written guilty plea, Smith was advised of the four bases for appealing his conviction, *see* Guilty Plea Questionnaire, 9/16/22, at 4, and was also told that he had "the right to file a post-sentence motion within ten (10) days[.]" *Id.* at 4-5. Sentencing was deferred pending the preparation of a presentence investigation report (PSI).[2]

On February 3, 3023, the Honorable Wendy G. Rothstein sentenced Smith to an aggregate sentence of 18-36 years' imprisonment. On March 6, 2023, counsel filed a motion seeking permission from the court to file a *nunc pro tunc* post-sentence motion, *see* Pa.R.Crim.P. 720,[3] claiming that such relief was necessary due "to the Defendant's inability to communicate with [c]ounsel in a timely manner." *See* Motion for *Nunc* Pro Relief/Post-Trial Relief, 3/6/23, at 3. The court denied Smith's motion the same day. On March

---

[2] At the guilty plea hearing, the court also accepted the Commonwealth's motion to *nolle pros* counts 4-37, 49-139, 158-207, and 228-244 at the time of sentencing. N.T. Open Guilty Plea Hearing, 9/14/22, at 27-28.

[3] The Rules of Criminal Procedure require a defendant file post-sentence motions challenging the validity of a guilty plea no later than 10 days after imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1) & (B)(1)(a)(i). Within 30 days after imposition of the sentence, a defendant must submit a request to file his post-sentence motion *nunc pro tunc* by demonstrating "an extraordinary circumstance [that] excuses the tardiness." ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003). A trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc* and that decision will not be reversed unless the court abuses its discretion. *Id.* (citation omitted).

6, 2023, Smith filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]

Prior to reviewing Smith's appellate claims, we must address counsel's petition to withdraw. Pursuant to **Anders**, **McClendon**, and **Santiago**, when counsel determines that there are no non-frivolous issues for review, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a pro se brief to raise any additional points the appellant deems worthy of review. **Santiago**, 978 A.2d at 358-61. Further, **Santiago** requires counsel to include in the **Anders** brief: (1) a summary of the facts and procedural history, with citations to the record; (2) reference to anything in the record that counsel believes arguably supports the appeal; (3) counsel's conclusion that the appeal is frivolous; and (4) counsel's reasons for concluding the appeal is frivolous. **Id.** at 361. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Instantly, counsel has substantially complied with the briefing requirements under applicable law. **See Santiago**, **supra**; **Wrecks**, **supra**.

_____

[4] The 30th day following the entry of Smith's judgment of sentence fell on a Sunday. Thus, his notice of appeal was timely filed on Monday, March 6, 2023.

Counsel has filed a separate petition with this Court seeking to withdraw from representation. Moreover, in his *Anders* brief, counsel provides a summary of the procedural history and facts, with citations to the record; refers to items in the record that might arguably support the appeal; states she engaged in a conscientious examination of the record; concludes the appeal is wholly frivolous; and articulates relevant facts, controlling case law, and rules on point. Moreover, we note that counsel attached to her brief a letter, dated June 15, 2023, advising Smith that she was seeking to withdraw and that he could retain new counsel or proceed *pro se*. Counsel further indicated that she provided Smith with a copy of her *Anders* brief. Accordingly, we will now conduct our independent review of the issues raised by counsel and determine, using our own judgment, whether the appeal is wholly frivolous. *Santiago*, *supra*.

In her *Anders* brief, counsel refers to two potential claims: (1) that the trial court erred by allowing the Commonwealth to play a video during sentencing that was sent to Smith without him first requesting it; and (2) that the trial court erred in imposing an excessive sentence that exceeded the guidelines where it imposed consecutive mandatory sentences despite mitigating evidence. *Anders* Brief, at 14.

At Smith's sentencing hearing, the court allowed the Commonwealth to play a video sent to Smith by one of his co-defendants, over defense counsel's objection. The video depicts his co-defendant spitting on a memorial dedicated to slain Plymouth Township Police Officer Brad Fox, who was killed

with an illegally purchased firearm. Smith contends this video was irrelevant and, due to its prejudicial nature, impermissibly "encouraged th[e trial c]ourt to impose a harsher than appropriate sentence." Pa.R.A.P. 1925(b) Statement, 3/20/23, at 1.

In its Rule 1925(a) opinion, the court explains that it references the history of "the 'Brad Fox Law' during **every** sentencing hearing which involves a straw purchase, regardless of the municipality in which a particular defendant resides." Trial Court Opinion, 5/5/23, at 13-14 (emphasis in original).[5] Moreover, the court reiterated the fact that it "did not take the video into consideration when it imposed [its] sentence as evidenced by the fact that the court did not include any reference to the video in its reasoning for the sentence imposed." Trial Court Opinion, 5/5/23, at 13.[6]

---

[5] The Brad Fox Law subjects individuals who have been convicted of a second or subsequent straw purchase offense to a mandatory five-year sentence. **See** 42 Pa.C.S.A. § 6111(h)(1).

[6] Smith has failed to include a copy of either the video or the notes of testimony from his sentencing hearing in the certified record on appeal. The five-and-one-half pages of notes from this hearing, that Smith has attached as "Appendix 'B'" to his appellate brief, simply do not replace the certified notes of testimony from his sentencing hearing. **See Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa. Super. 2000) ("It is well-settled that '[t]his Court may review and consider only items [that] have been duly certified in the record on appeal' and 'a document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record.'") (citations omitted). We, thus, are precluded from a thorough and complete review of this issue. Moreover, to the extent that this issue invokes the discretionary aspect of Smith's sentence, that claim is waived because he failed to file a timely post-sentence motion. **See infra**, at 6-7.

Instantly, we find no error with the court's admission of the video. Although a sentencing proceeding must comport with due process, it is well-established that "a proceeding held to determine sentence is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials." **Commonwealth v. Medley**, 725 A.2d 1225, 1229 (Pa. Super. 1999). **Accord Commonwealth v. Orsino**, 178 A.2d 843, 846 (Pa. Super. 1962).

Smith's second issue concerning the discretionary aspect of his sentence is waived due his failure to file a timely post-sentence motion. **See** Pa.R.Crim.P. 720(a)(1).[7]

Having determined that the appeal is wholly frivolous, **Santiago**, **supra**, we grant counsel's motion to withdraw and affirm Smith's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[7] To the extent Smith argues that the trial court abused its discretion in denying his request to permit him to file post-sentence motions *nunc pro tunc*, we find the claim waived for failure to include it in his Rule 1925(b) statement. However, even if we did not find it waived, we would find it meritless. Instantly, Smith signed a guilty plea questionnaire acknowledging that he was advised of his right to file a post-sentence motion within 10 days. **See** Guilty Plea Questionnaire, 9/16/22, at 4-5. Moreover, Smith has failed to explain how the court abused its discretion in denying his motion. **See Commonwealth v. Braykovich**, 664 A.2d 133, 136 (Pa. Super. 1995) ("extension of the filing period . . . will be permitted only in extraordinary circumstances, namely fraud or some breakdown in the processes of the court") (citations omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023