J-S26007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT CARL BOLUS | |
| Appellant | No. 1300 MDA 2016 |

Appeal from the PCRA Order July 5, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001602-2011

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 26, 2017**

Robert Carl Bolus appeals from the July 5, 2016 order dismissing his petition for writ of *coram nobis*, which was treated as a PCRA petition.  We affirm.

Appellant was convicted of making a false/fraudulent insurance claim and attempted theft by deception arising from a March 17, 2009 accident involving his tow truck and a dump truck.  Specifically, he submitted an insurance claim for damages to the passenger side of his tow truck from contact with the guardrail and the expense of towing the vehicle, which the jury concluded were fraudulent.  This Court summarized the facts giving rise to Appellant's convictions on direct appeal:

> On March 17, 2009, a tow truck owned by [Appellant] and operated by one of his employees [Conrad Zebrowski] was

_____
* Former Justice specially assigned to the Superior Court.

involved in an accident with a dump truck in Altoona, Pennsylvania. [Appellant] filed an insurance claim with Motorist Insurance Company ("Motorist"), and was subsequently charged with the above referenced crimes.

. . .

Trooper Jeffrey Hershey of the Pennsylvania State Police testified that he was the officer assigned to respond on site to the report of the collision, and that he categorized it as a "non-reportable accident," as there were no injuries and neither vehicle required a tow for removal from the scene. According to Trooper Hershey, the driver's side mirror of the dump truck struck the driver's side mirror of [Appellant]'s tow truck, and that the vehicle being towed by [Appellant]'s tow truck, a 2005 International, also sustained damage to its side mirror.

Three witnesses (Bernie Whetstone, the driver of the dump truck, Scott McClellan, the owner of the dump truck, and Conrad Zebrowski, [Appellant's] employee driving the tow truck at the time of the accident), all testified that the only damages they observed to the tow truck and the 2005 International were to the side mirrors. Mr. Zebrowski also testified that he observed no damage to the tow truck's "stinger" apparatus, and that he had tested it after the accident and found it to be in good working order. John Henry ("Henry"), an investigator for Motorist, testified that during his investigation, [Appellant] claimed that the passenger side of his tow truck had been damaged as a result of running into guardrails at the scene of the accident. According to Henry, his investigation confirmed that there were no such guardrails. Henry also testified that [Appellant] had submitted a towing bill for $6,300, even though the tow truck was driven from the scene.

. . .

On March 8, 2012, [a] jury found [Appellant] guilty of the above-listed crimes. On July 11, 2012, the trial court sentenced [Appellant] to six to twenty-three months of incarceration on both counts, to be served concurrently.

*Commonwealth v. Bolus*, 75 A.3d 552 (Pa.Super. 2013) (unpublished memorandum) (citations to record omitted).

This Court affirmed the judgment of sentence. Appellant filed a petition for allowance of appeal from the Pennsylvania Supreme Court, which was denied on December 2, 2013. *Commonwealth v. Bolus*, 81 A.3d 74 (Pa. 2013). The United States Supreme Court denied writ of *certiorari* on April 21, 2014. *Bolus v. Pennsylvania*, 134 S.Ct. 1899 (2014). On April 23, 2015, Appellant filed a petition for PCRA relief that was dismissed as untimely. He appealed that decision to this Court, but we dismissed the appeal due to his failure to file a brief.

On February 16, 2016, Appellant filed the instant petition for a writ of error *coram nobis*. He claimed that his former employee, Edward Borgna, testified in a December 17, 2015 civil proceeding that damage to the International's air-shield was not linked to the accident. Similarly, he represented that Scott McLellan, the owner of the dump truck, would testify that there was no air-shield discovered in the debris at the scene. Appellant argued that this newly-discovered evidence would have refuted Mr. Zebrowski's account of a damaged air-shield on the towed vehicle.[1] If this

---

[1] The record contains no testimony from Mr. Zebrowski regarding an "air-shield" on either vehicle. N.T. Jury Trial, 3/5/12, at 128-140. Mr. Zebrowski testified that, after the accident, he picked up a "fairing" from the road, a part that "puts the air up around the box trailer." *Id*. at 159. He thought
*(Footnote Continued Next Page)*

evidence had been introduced at trial, Appellant maintained that it would have completely undermined Mr. Zebrowski's credibility and the Commonwealth's "mirror to mirror" contact theory, and that he would have been acquitted.[23]

The Commonwealth moved to dismiss the petition pursuant to 42 Pa.C.S § 9543(a)(1), on the ground that Appellant's *coram nobis* petition was subsumed by the PCRA, and that he was ineligible for relief under that statute. The trial court adopted that position in its notice of its intent to dismiss, and Appellant filed a response in opposition to dismissal. On July 25, 2016, the court deemed the *coram nobis* petition to be a PCRA petition, concluded that Appellant was ineligible for PCRA relief as he was not serving a sentence of incarceration, probation, or parole, and dismissed the petition. 42 Pa.C.S. § 9543(a)(1)(i). Appellant appealed and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

*(Footnote Continued)* _____

the fairing came from the towed vehicle, but he offered no opinion regarding the cause of its separation. The Commonwealth's expert confirmed that a roof-mounted air-shield separated from the International, but opined that its separation was due to wind, not the accident. ***Id***. at 209.

[2] Both Mr. Borgna and Mr. McClellan testified at Appellant's trial. Appellant offers no explanation as to why their knowledge regarding the air-shield was unavailable at that time or not discoverable with the exercise of due diligence. Thus, his claim would likely not qualify under the "newly-discovered facts" exception to the PCRA time-bar. ***See Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017).

complained of on appeal. The PCRA court filed its opinion pursuant to Rule 1925(a), and specifically incorporated its rationale for the dismissal from its May 17, 2016 notice of intent to dismiss, and its July 25, 2016 order and notice of right to appeal.

Appellant presents one issue for our review: "Did the lower court err by summarily dismissing [Appellant]'s petition for a writ of error *coram nobis* based on its holding that [Appellant]'s claim was cognizable under and thus subsumed by the PCRA? Appellant's brief at 4 (unnecessary capitalization omitted).

Our review of "a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from error." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). The following well-settled principles regarding collateral review apply. "Where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." ***Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016); ***see also Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (if the defendant's PCRA claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available" to him). Since the PCRA was intended to subsume the common law means of collateral relief such as *habeas corpus* and *coram nobis*, 42 Pa.C.S. § 9542, trial courts must treat petitions for common law collateral

remedies as petitions for PCRA relief. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013).

Appellant argues that he is entitled to *coram nobis* relief because his claim involves the unavailability at the time of trial of exculpatory factual evidence that subsequently became available and would have changed the outcome of the trial if it had been introduced. He relies upon ***Commonwealth v. Orsino***, 178 A.2d 843 (Pa.Super. 1962), in support of his contention that the purpose of *corum nobis* is to "bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition." ***Id***. at 846. However, as the Commonwealth correctly points out, ***Orsino*** predated the enactment of the PCRA, which the legislature mandated is the "sole means of obtaining collateral relief," and which encompasses *coram nobis* and *habeas corpus.* 42 Pa.C.S. § 9542.

Appellant argues further that since he was no longer eligible for PCRA relief when he learned of Mr. Borgna's subsequent testimony, his after-discovered evidence claim[4] was not cognizable under the PCRA, and thus,

---

[4] Appellant uses the terms after-discovered evidence and newly-discovered facts interchangeably although the terms have distinctly different meanings in the context of the PCRA. "Newly-discovered facts" is the term used when referring to an exception to the PCRA's one year time-bar under subsection 9545(b)(1)(ii), and applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been
*(Footnote Continued Next Page)*

*coram nobis* relief was available. Hence, he contends the trial court erred in construing his petition as a PCRA petition and dismissing it. He argues that **Descardes**, **supra**, supports his position that his claim was not cognizable under the PCRA because he was no longer serving a sentence for the crime when he first learned of the existence of the claim and could not have raised it under the PCRA. Appellant's brief at 9.

PCRA eligibility is governed by 42 Pa.C.S. § 9543(a):

    (a)    General rule.-- To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

    (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

        (i)    currently serving a sentence of imprisonment, probation or parole for the crime;

. . .

    (2) That the conviction or sentence resulted from one or more of the following:

. . .

    (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become

*(Footnote Continued)* ——————————

ascertained by the exercise of due diligence." For purposes of the PCRA, after-discovered evidence is exculpatory evidence that was unavailable at the time of trial, that only subsequently became available, "and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S § 9543(a)(2)(vi). For a thorough discussion of the distinction, **see Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017).

> available and would have changed the outcome of the trial if it had been introduced.

42 Pa.C.S. § 9543.

Thus, PCRA eligibility is dependent on the status of the petitioner under § 9543(a)(1), and the type of claim under § 9543(a)(2). Defendants may seek collateral relief outside of the PCRA framework only where "the defendant was **never eligible** for relief under the PCRA." ***Descardes***, ***supra*** at 502 (emphasis in original). ***See In the Interest of A.P.***, 617 A.2d 764 (Pa.Super. 1992) (*en banc*) (permitting juvenile to file a *nunc pro tunc* appeal because juveniles have no recourse for ineffective assistance of counsel under the PCRA). However, where a defendant once was eligible for PCRA relief, his only avenue of collateral review is through the PCRA, even if he no longer meets the eligibility requirements at the time of appeal. ***See Descardes***, ***supra*** at 502 (defendant-appellee no longer serving sentence must still seek relief *vis-à-vis* the PCRA); ***see also Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) (defendants who are no longer incarcerated due to short sentences must seek relief under the PCRA). The requirement that one be serving a sentence does not offend due process "because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence." ***Id***. at 766.

Such a claim is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(vi). ***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016). Furthermore, Appellant at one time was eligible for PCRA relief even though he is no longer eligible due to the fact his sentence has expired. He was convicted in this Commonwealth, served his sentence, and his claim was of the type cognizable under the PCRA. Contrary to Appellant's argument, ***Descardes*** does not stand for the proposition that once a defendant is no longer serving his sentence, he may petition for collateral relief outside of the PCRA. Indeed, such an interpretation directly contradicts the Supreme Court's holding in ***Descardes***, where the defendant was not permitted to seek relief outside the PCRA because he was no longer serving a sentence. Descardes was not entitled to *coram nobis* review even though his ineffective assistance of counsel claim was not recognized by the United States Supreme Court until after the period for seeking PCRA relief had expired.

Appellant avers that he only learned of the evidence once his sentence was complete, and thus, he could not have filed a PCRA petition raising that claim while serving his sentence. Appellant's reply brief at 1. In other words, Appellant maintains that since the evidence was unknown until after he completed his sentence, he was never eligible to seek PCRA relief for the

particular claim he raises herein, and thus, *coram nobis* provides an avenue for relief.[5] This same argument was rejected in **Descardes**, **supra**.

Appellant attempts to distinguish the situation herein from **Descardes**, maintaining that his claim is a factual one particularly suited to *coram nobis*, rather than a legal claim based on counsel's ineffectiveness. Appellant's reply brief at 1. However, we find no case law, and Appellant cites none, that suggests that the nature of the § 9543(a)(2) claim dictates different eligibility treatment under the PCRA, and the Court's reasoning in **Descardes** refutes such a position. Just as Appellant's factual claim herein allegedly surfaced after completion of his sentence, the defendant's legal claim in **Descardes** arose after he completed his sentence, and with much harsher collateral consequences. Nonetheless, the fact that there was no legal support for his claim until the period for filing a PCRA petition had expired did not remove the claim from the purview of the PCRA. Descardes' claim of ineffective assistance of counsel based on counsel's failure to advise him of the collateral consequences of his plea was cognizable under the PCRA, and *coram nobis* relief was unavailable. Since he was no longer serving a sentence, however, he was ineligible for PCRA relief.

---

[5] The record refutes Appellant's contention in this regard. Appellant's first PCRA petition contained a virtually identical "after-discovered evidence" claim based on Mr. Borgna's knowledge that the International's air-shield was not damaged in the accident.

***Descardes*** affirmed the long line of cases strictly construing the requirement that the petitioner must be currently serving a sentence for the crime in order to be eligible for PCRA relief. ***See Turner***, ***supra***; ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1999) (a defendant must be serving a sentence throughout the entire PCRA proceeding to be eligible for relief); ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1113 (Pa.Super. 2016) (appellant no longer eligible for collateral review when his sentence expired during pendency of his appeal from the denial of PCRA relief); ***Commonwealth v. Shultz***, 114 A.3d 865, 872 (Pa.Super. 2015) (precluding PCRA relief where petitioner still serving a sentence, but where sentence for the convictions associated with the petition had expired); ***Commonwealth v. Volk***, 138 A.3d 659, 665 (Pa.Super. 2016) (barring PCRA relief where there was an unintentional and non-prejudicial delay in the PCRA proceedings that allowed the petitioner's sentence to expire).

In sum, a petitioner cannot avoid the requirement of serving a sentence, by filing a petition for writ of *coram nobis,* when his claim was otherwise cognizable under the PCRA pursuant to § 9543(a)(2). For these reasons, we conclude that the trial court correctly treated Appellant's petition for a writ of *coram nobis* as a PCRA petition, and properly dismissed it because he was no longer eligible for relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017